UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG
JUL 16 2007
MARY E. D'ANDREA, CLERK
Per ____
DEPUTY CLERK

|  |  |
|---|---|
| JANE DOE ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL CASE NO. |
| ) | 1:07-CV-01288 |
| CENTRAL DAUPHIN SCHOOL ) | (Hon. Yvette Kane) |
| DISTRICT ET AL. ) | |
| ) | |
| DEFENDANTS. ) | |

## PLAINTIFF'S REQUEST FOR LEAVE TO PROCEED WITH A PSEUDONYM

Comes now, the Plaintiff, by and through her undersigned counsel, and hereby requests Leave to Proceed with a Pseudonym, and in support thereof states as follows:

### Preliminary Statement

Plaintiff was forced to resign from her position as a bus driver with the Defendant Central Dauphin School District after she was sexually assaulted by her supervisor, became pregnant and had to have an abortion, and retaliated against for complaining. Plaintiff is the mother of three children whom reside in the Defendant School District and ride the Defendant School District buses. She seeks to file her Complaint under a Pseudonym "JANE DOE" against the Defendant School District and individuals for discrimination and retaliation in violation of Title VII of the Civil Rights Act, violations of Section 1983 and Section

1985 of the Civil Rights Act, violations of the Family and Medical Leave Act, and various torts claims.

## Argument

The particular circumstances in this case, which involve sexual assault, pregnancy, and abortion, warrant allowing the Plaintiff to proceed as "Jane Doe." "The overwhelming majority of jurisdictions to consider this question have determined that parties may proceed in pseudonym under particular circumstances." See e.g., Coe v. United States Dist. Court for Dist. Colo., 676 F.2d 411, 414 (10th Cir.1982). The most famous example of pseudonymous litigation is Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). "[S]exual assault victims are a paradigmatic example of those entitled to a grant of anonymity." Doe No. 2 v. Kolko, --- F.R.D. ----, 2006 WL 4470822 (E.D.N.Y. 2006) *citing* Doe v. Blue Cross & Blue Shield United of Wisc., 112 F.3d 869, 872 (7th Cir.1997) ("fictitious names are allowed when necessary to protect the privacy of ... rape victims, and other particularly vulnerable parties or witnesses")

Although the Third Circuit has not yet decided this issue, the Eastern District has listed factors which support the use of pseudonymous litigation:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464 (E.D. Pa. 1997); see also Doe v. Evans, 202 F.R.D. 173, 176 (E.D.Pa. 2001).

Applying these factors to the present case supports the use of pseudonymous litigation in this situation. First, Plaintiff has used reasonable efforts to maintain confidentiality, including redacting her PHRC complaint before providing it to the Defendant School District, using a pseudonym on correspondence with the Defendant School District, and attempting to file her PHRC complaint under a pseudonym.

Second, the use of Plaintiff's real name, based upon the facts described in her Complaint, describe instances that would cause any reasonable person to suffer severe humiliation, severe embarrassment, and severe emotional distress. See Doe v. Evans, F.R.D. 173 (E.D. Pa. 2001). Such instances include instances of sexual assault of the Plaintiff by her supervisor and which resulted in the Plaintiff becoming pregnant along with Plaintiff's medical conditions and medical procedures. Plaintiff's minor children would also be subject to the same sort of suffering should Plaintiff's real name be used, and Plaintiff is very concerned for their emotional well-being and her relationship with them. Plaintiff would become severely emotionally distressed if her children had to suffer as a result of Plaintiff's name being made public. Additionally, Plaintiff has a justifiable fear of her physical safety, and that of her children, if her identity is exposed.

Third, the public has a strong interest in maintaining the confidentiality of the Plaintiff's identity, and that of her children. The public generally has a strong interest in protecting the identities of sexual assault victims so that other victims

will not be deterred from reporting such crimes. See Doe v. Evans, 202 F.R.D. 173, 176 (E.D.Pa.2001) (granting anonymity to sexual assault victim). Additonally, the Plaintiff has a fundamental right to privacy protected under the U.S. Constitution. Issues involving pregnancy and abortion are protected under the Constitutional right to privacy. See e.g., Roe v. Wade, 410 U.S.113; Doe v. Bolton, 410 U.S. 179 (1973); Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 685 (11th Cir.2001) cert. denied, 534 U.S. 1129, 122 S.Ct. 1067, 151 L.Ed.2d 970 (2002). Thus, the public's interest is strong in maintaining the Plaintiff's identity in these circumstances and protecting the privacy interests of the Plaintiff and her children, and must give way to any right of the public to access information which is otherwise the private medical information of the Plaintiff.

Fourth, allowing the Plaintiff-Victim in this case would not impede the public's ability to follow the proceedings if they so chose. See Doe v. Provident Life and Acc. Ins. Co., 176 F.R.D. 464 (E.D. Pa. 1997). However, should Plaintiff's real name be made public through a non-anonymous filing, Plaintiff also reasonably believes that she could be in physical danger, suffer severe harassment, fear leaving her abode, and have trouble obtaining employment because of the likely damage to her reputation and a prospective employer's stigma toward Plaintiff. See id.

Fifth, if the Plaintiff is not permitted to proceed under a pseudonym, an adverse outcome could result. She should not have to choose between vindicating her rights by pursuing her legitimate claims against the Defendant at

the price of being publicly humiliated, stigmatized, and possibly physically endangered.

Finally, the Plaintiff has no illegitimate ulterior motives to proceed as "Jane Doe" in this litigation. The Plaintiff has only legitimate valid reasons, including protecting her Constitutional right to privacy and her physical and psychological well-being. Furthermore, Plaintiff has not sought pseudonymity to impair Defendants' ability to defend themselves, to delay the litigation, or to increase the costs to Defendants. Plaintiff's attorneys in good faith can verify to the Court the identity of Jane Doe.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion for Leave to Proceed under a Pseudonym and allow Plaintiff to file suit and proceed under the pseudonym "JANE DOE."

RESPECTFULLY SUBMITTED,
THE PLAINTIFF, BY AND
THROUGH HER ATTORNEYS,

/S/ *[signature]*

COHEN MATUKAITIS LLC
BY: Aaron Cohen, Esq.
Atty. No. 200521
agcohenlaw@verizon.net
Lisa Matukaitis, Esq.
lmcohenlaw@verizon.net
Atty. No. 202467
Attorneys for Plaintiff
115 Pine Street, Suite 100
Harrisburg, PA 17101
(717) 823-6460

DATED: JULY 16, 2007